# IN THE COURT OF APPEALS OF IOWA

No. 14-1412
Filed July 27, 2016

**JOHN R. BAUR,**
        Plaintiff-Appellant,

**vs.**

**BAUR FARMS, INC., and**
**ROBERT F. BAUR,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Madison County, Gary G. Kimes,

Judge.

        Plaintiff appeals the district court's decision denying his petition for

dissolution of a closely-held family farm corporation. **AFFIRMED.**

        Douglas A. Fulton and Allison M. Steuterman of Brick Gentry, P.C., West

Des Moines, for appellant.

        David L. Charles of Crowley Fleck, P.L.L.P., Billings, Montana, and Mark

McCormick of Belin McCormick, P.C., Des Moines, for appellee.

        Heard by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Plaintiff John Baur (Jack) appeals the district court's decision denying his petition for dissolution of a closely-held family farm corporation. The district court concluded the corporation's decision not to purchase Jack's shares of stock for an amount in excess of the fair value of his interest in the corporation did not show oppression by the corporation. We affirm the district court's conclusion.

## I.      Background Facts & Proceedings

Jack is a minority shareholder, owning 26.29% of the shares in Baur Farms, Inc. (BFI), a family farm corporation. Jack is a director of the corporation and receives $250 per year in director's fees but is not an officer of the corporation. James Baur, Jack's nephew, is the current farm manager. Robert Baur (Bob), who is Jack's cousin, is the majority shareholder in the company and was formerly the farm manager. For several years, Jack attempted to have either BFI or the other shareholders purchase his shares. The parties negotiated over the period from 1992 to 1997, but there was no agreement on a suitable purchase price. The parties disagreed concerning the value of BFI and the value of Jack's shares.

On August 7, 2007, Jack offered to sell his shares to BFI for $1,825,000. BFI did not respond to his offer, and on October 10, 2007, Jack filed an action seeking dissolution of the corporation under Iowa Code section 490.1430 (2007), based on a claim of oppressive conduct. He also raised a claim against Bob for breach of fiduciary duty. The district court granted summary judgment to defendants, finding Jack's claims were barred by the statute of limitations. We

reversed the decision of the district court and remanded for further proceedings.[1] *See Baur v. Baur Farms, Inc.*, No. 09-0480, 2010 WL 447063, at *11 (Iowa Ct. App. Feb. 10, 2010).

The remanded case was tried to the court in equity on March 1, 2011. After Jack presented evidence, BFI and Bob moved for a directed verdict. The court granted the motion and dismissed the action. The court denied Jack's motion to enlarge or amend brought pursuant to Iowa Rule of Civil Procedure 1.904(2). Jack appealed.

On appeal, the Iowa Supreme Court found, "every shareholder may reasonably expect to share proportionally in a corporation's gains." *Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 673 (Iowa 2013). "When this reasonable expectation is frustrated, a shareholder-oppression claim may arise." *Id.* The court concluded, "The determination of whether the conduct of controlling directors and majority shareholders is oppressive under section 490.1430(2)(b) and supports a minority shareholder's action for dissolution of a corporation must focus on whether the reasonable expectations of the minority shareholder have been frustrated under the circumstances." *Id.* at 674. The court also stated, "We hold that majority shareholders act oppressively when, having the corporate financial resources to do so, they fail to satisfy the reasonable expectations of a minority shareholder by paying no return on shareholder equity while declining the minority shareholder's repeated offers to sell shares for fair value." *Id.*

The supreme court determined:

---

[1] The district court denied Bob's motion seeking sanctions against Jack. We affirmed the district court's decision on this issue.

Because BFI is a closely held corporation, Jack has no access to an active market in its shares that might allow his realization of a return on his equity position. The negotiations for the sale of Jack's stock to the other shareholders at a mutually agreed upon price have been unavailing. Without ready access to an active market, Jack has effectively been precluded from capturing the increased value of his shares because BFI has retained and reinvested its revenue in the company over the years rather than paying out dividends. As a minority shareholder and nonofficer, Jack will remain effectively precluded from capturing any return on his shareholder equity for as long as the board concludes income distributions are inappropriate.

As a minority shareholder, Jack also lacks voting power to force the board of directors to set a book value that is reasonably related to the fair value of the company's assets. Yet, we believe the record is not adequate to determine whether the price offered by BFI for the purchase of Jack's shares is so inadequate under the circumstances as to rise—when combined with the absence of a return on investment—to the level of actionable oppression.

*Id.* at 676-77 (citations omitted).

The court determined the case should be reversed and remanded, stating:

Although we have defined the legal standard for adjudicating Jack's claim of oppression, we express no view on the question of whether the last position taken by BFI during negotiations on the price offered for Jack's interest in the corporation was outside the range of fair value and incompatible with the reasonable expectations of a shareholder in Jack's position under circumstances including a history of no return on shareholder equity during the several decades of the corporation's existence.

*Id.* at 677. The court remanded with the following instructions:

The district court shall take whatever additional evidence is required for the proper development of the record from which the fair value of Jack's equity interest may be determined. If, after taking any additional evidence bearing on this question and applying the reasonable expectation standard set forth above, the district court finds BFI acted oppressively under the circumstances, the court, sitting in equity, has considerable flexibility in resolving the dispute.

*Id.* Additionally, the court stated, "We also note that if, instead, the district court finds from the fully developed record evidencing the fair value of Jack's equity

interest that no oppression has been demonstrated by a preponderance of the evidence, this action shall be dismissed." *Id.* at 678.

On remand, the parties agreed the transcript from the hearing on March 1, 2011, would be part of the record in the second trial, held on March 18 and 19, 2014. Telford Lodden, a certified public accountant (CPA), testified concerning the taxes the corporation would be required to pay if it liquidated. James Van Werden, an attorney, also testified about the liquidated value of the corporation.

The district court found the fair value of Jack's shares was the market value of BFI's assets, discounted for their liquidation value. The court determined Jack did not have a reasonable expectation his shares could be redeemed for a greater amount and his request to have BFI purchase his shares for $1.8 million was unreasonable. The court also noted BFI did not have the resources to pay Jack $1.8 million for his shares. The court concluded, "Because his demands have exceeded the fair value of his equity interest, Jack has failed to meet his burden to prove oppression by a preponderance of the evidence." Jack's action for dissolution of the corporation was dismissed. Jack appeals the decision of the district court.

## II. Standard of Review

A claim of oppression by a minority shareholder is tried in equity and our review is de novo. *Id.* "In equity cases, we are not bound by the district court's factual findings; however, we generally give them weight, especially with regard to the credibility of witnesses." *Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 97 (Iowa 2011); *see also* Iowa R. App. P. 6.904(3)(g).

### III.    Discussion

**A.**    Jack claims the district court did not adequately follow the directive of the Iowa Supreme Court in the previous appeal.   The Iowa Supreme Court stated the district court should determine "whether the last position taken by BFI during negotiations on the price offered for Jack's interest in the corporation was outside the range of fair value and incompatible with the reasonable expectations of a shareholder in Jack's position."  *Baur*, 832 N.W.2d at 677.   On August 7, 2007, Jack offered to sell his shares for $1.8 million.   During the remanded hearing, evidence was presented to show BFI did not respond to Jack's offer prior to the initiation of this lawsuit on October 7, 2007.   Thus, BFI's last position was its failure to accept Jack's offer to sell for $1.8 million.   On this basis, we do not consider the parties' prior negotiations occurring from 1992 to 1997.

**B.**    Jack claims the court improperly considered the corporate bylaws, an amendment to the bylaws, and the expectations of other shareholders on the issue of whether the fair value of his shares should be determined by their book value.   The supreme court noted, "As a minority shareholder, Jack also lacks voting power to force the board of directors to set a book value that is reasonably related to the fair value of the company's assets."  *See id.* at 676.   The book value for the corporation's assets was set in 1983 and did not reflect current values.

While the district court engaged in a lengthy discussion of book value as set by the corporate bylaws, as amended, the court did not ultimately determine the fair value of Jack's shares was their book value.  The court stated, "The Court holds that the fair value of Jack's shares under the standard adopted by the

supreme court does not exceed the amount of his proportionate share of the *market value* of BFI's assets, discounted to their liquidation value." (Emphasis added). The court also stated, "The fair value of Jack's equity interest in BFI in the record in this case cannot and does not exceed his proportionate share of BFI's liquidation value." We conclude the district court did not find the fair value of Jack's shares was set by their corporate book value.[2]

Jack also claims the district court improperly considered the impact of redemption on the other shareholders in determining his reasonable expectations for his interest in the corporation. The Iowa Supreme Court stated, "We hold that majority shareholders act oppressively when, *having the corporate financial resources to do so*, they fail to satisfy the reasonable expectations of a minority shareholder by paying no return on shareholder equity while declining the minority shareholder's repeated offers to sell shares for fair value." *Id.* at 674 (emphasis added). Thus, whether a corporation has the financial resources to purchase a minority shareholder's shares is a legitimate consideration, and we determine the district court properly considered this aspect of the case.

**C.** Jack states any offers to purchase his shares by BFI improperly included a minority discount. The district court did not include a minority discount. The court stated the fair value of Jack's shares was the market value of BFI's assets, discounted to their liquidation value. The Iowa Supreme Court stated, "We note, however, our recent disapproval of share valuations

---

[2] The district court's ruling is somewhat confusing in this regard, and includes statements in the Findings of Fact that seem to support the corporation's book value as the value of Jack's shares. In the Conclusions of Law, however, the court clearly states the fair value of the shares is the fair market value of the corporation's assets, taking into consideration the full liquidation tax consequences.

incorporating a discount for a minority interest in other corporations." *Id.* at 669 n.5. We agree the fair value of Jack's shares should not include a minority discount.

**D.** Finally, Jack claims the district court improperly concluded a liquidation discount should be applied to the value of his shares. The district court stated:

> The court cannot say that BFI's insistence on a liquidation tax discount, reduced to "present value," was unreasonable. Both Van Werden and CPA Lodden testified credibly that the use of a liquidation tax discount is customary in such transactions. Jack presented no contrary evidence. With BFI's low tax basis on its assets, a purchase of Jack's interest would give BFI a substantial built-in gain that would constitute a burden on the remaining shareholders. No reliable basis existed for determining when the remaining shareholders would be hit with the impact of that burden. The illustration provided by Lodden regarding the impact of the built-in gain is reasonable and persuasive.
>
> Lodden's testimony is particularly persuasive in light of the relief requested by Jack in this lawsuit, consistent with his repeated motions at the BFI board meetings for dissolution of the corporation. If BFI was dissolved as Jack requested, the amount available to BFI shareholders would be its net liquidation value. Moreover, Jack has asked for an order of dissolution as one of the remedies he seeks in this action. That is the ultimate statutory remedy available on proof of oppression. The income taxes are only one of the costs that would result from dissolution. Fair value for Jack's shares does not exceed a value that takes the full liquidation tax consequences into consideration.

We agree with the district court's conclusion the fair value of Jack's shares should take into consideration the taxes and other costs that would result from liquidation of the corporation. *See In re Marriage of Muelhaupt*, 439 N.W.2d 656, 660 (Iowa 1989) (finding the value of a party's shares of stock should be "subject to a substantial discount because such an amount could be realized only upon

liquidation of the company"). The testimony of Van Werden, an attorney, and Lodden, a CPA, supports the application of a liquidation tax discount.

**IV.    Conclusion**

The Iowa Supreme Court held "majority shareholders act oppressively when, having the corporate financial resources to do so, they fail to satisfy the reasonable expectations of a minority shareholder by paying no return on shareholder equity while declining the minority shareholder's repeated offers to sell shares for fair value." *Baur*, 832 N.W.2d at 674. The district court concluded Jack's offer to sell his shares for $1.8 million exceeded the fair value of his interest in BFI and, therefore, the corporation's failure to accept his offer did not show oppression. We affirm the district court's conclusion.

**AFFIRMED.**